# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-1000V
Filed: October 26, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| ERIN QUACKENBUSH-BAKER, | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | Interim Attorneys' Fees and Costs |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

Curtis R. Webb, Twin Falls, ID, for petitioner.
Christine M. Becer, United States Department of Justice, Washington, DC, for respondent.

**DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]**

      On October 16, 2014, Erin Quackenbush-Baker ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving a trivalent influenza ("flu") vaccination on November 20, 2013, she experienced a significant aggravation of a preexisting, but asymptomatic, multiple sclerosis. See Petition at ¶¶1-2. The parties have submitted expert reports and an entitlement hearing is scheduled for February 2-3, 2017.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On April 5, 2016, petitioner filed a motion for interim attorneys' fees and costs, requesting $95,204.50 in attorneys' fees and $11,990.56 in attorneys' costs, for a total of $107,195.06 in attorneys' fees and costs. Petitioner's ("Pet.") Motion ("Mot.") at 1-2. In accordance with General Order #9, petitioner states that she did not incur any costs in the prosecution of this matter. Pet. General Order #9 Statement. Respondent filed a response to petitioner's motion on April 21, 2016, stating that respondent "defers to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs award." Respondent's ("Resp.") Response at 2. Respondent states that:

> Should the Special Master conclude that an award of interim fees and costs is appropriate, respondent asserts that, based on a survey of interim fee awards in other cases and her experience litigating Vaccine Act claims, a total reasonable amount for fees and costs in the present case, given its procedural posture, would fall between $35,000.00 and $40,000.00.

Resp. Response at 3 (internal footnote and citations omitted). Respondent therefore "requests that the special master reduce petitioner's fees and costs in accordance with the law and exercise his discretion to otherwise determine a reasonable award for attorneys' fees and costs within the range proposed by respondent." Id. at 4. Petitioner filed a reply on April 28, 2016. This matter is now ripe for adjudication.

I. **Interim Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs under 42 U.S.C. section 300aa-15(e). In addition, interim attorneys' fees and costs are permissible under the Vaccine Act. See Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008); see also Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372 (Fed. Cir. 2010). When a petitioner has yet to prove entitlement, a special master "may award an amount of compensation" for reasonable attorneys' fees and costs "if the special master . . . determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1)(B); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). While respondent defers to the special master regarding whether an award of interim fees is appropriate in this case, respondent otherwise "is satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs are met," and the undersigned finds that the claim was brought in good faith and with a reasonable basis. Resp. Response at 2.

In Avera, the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In Shaw, the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. This case was filed October 16, 2014, two years ago. Because of constraints on the undersigned's time due to the volume of petitions currently in the Program, the entitlement hearing will not occur until February 2017, another three months from present. The issuance of an entitlement decision following hearing will likely take several months more, after which this case will still need to

proceed through the damages phase, which could take significant time in and of itself.  Petitioner in this case has obtained four expert reports from Dr. Lawrence Steinman, and has retained him for hearing.  Because of the protracted nature of the proceedings to date, the fact that costly expert reports have been obtained, and the fact that the ultimate resolution of the case will not occur for a significant time, the undersigned finds an award of interim attorneys' fees and costs appropriate at this time.

## II.     Reasonable Attorneys' Fees and Costs

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.  The determination of reasonable attorneys' fees and costs is within the special master's discretion.  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special masters may rely on their prior experience in reviewing fee applications.  See id., 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., No. 90-1167V, 1992 WL 336502 at *2-3 (Fed. Cl. Spec. Mstr. Nov. 2, 1992)).

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton, 3 F.3d at 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  The requirement that attorneys' fees be reasonable also applies to costs.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992).

### i.     Hourly Rates

Petitioner requests the following hourly rates:

Attorney Cutis Webb:
    2013: $400
    2014-2015: $415
    2016: $430

Paralegal Alexander J. Webb:
    2015: $100

Pet. Mot. at 1.

The undersigned recently decided the issue of Mr. Webb's hourly rates in Garrison v. Sec'y of Health & Human Servs., No. 14-762V, 2016 WL 3022076 (Fed. Cl. Spec. Mstr. Apr. 29, 2016), mot. for review denied 2016 WL 4784054 (Fed. Cl. 2016). In Garrison, the undersigned found that Mr. Webb was entitled to forum rates, and awarded him a rate of $387.50 per hour for work performed in 2014 and 2015. 2016 WL 3022076, at *8. The undersigned adopts the reasoning set forth in Garrison, and finds the Garrison rates appropriate for Mr. Webb's 2014-2015 work in this case as well. Garrison did not address Mr. Webb's rate for 2013 or 2016. In McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), yearly increases in the forum rate were determined using the 3.7% annual rate of growth in attorneys' fees, and the same rate of increase is appropriate here. Id. at *16. Accordingly, based on a rate of $387.50 for 2014-2015, Mr. Webb's appropriate hourly rate for 2013 is $373.75 and his hourly rate for 2016 is $401.75. Finally, in Garrison, Alexander Webb was awarded a rate of $50 per hour based on his credentials and experience, and the undersigned finds the same rate appropriate in this case. Id. at *10.

      **ii.   Hours Expended**

Respondent states that "based on a survey of interim fee awards in other cases and her experience litigating Vaccine Act claims, a total reasonable amount for fees and costs in the present case, given its procedural posture, would fall between $35,000.00 to $40,000.00." Resp. Response at 3. In support of this range, respondent cites a number of interim fee decisions. Id. at 3 (citing Holmes v. Sec'y of Health & Human Servs., No. 08-185V, 2011 WL 1043473, at *3 (Fed. Cl. Feb. 28, 2011); Dudash v. Sec'y of Health & Human Servs., No. 09-646V, 2011 WL 1598836, at *6 (Fed. Cl. Apr. 7, 2011) Roberts v. Sec'y of Health & Human Servs., No. 09-427V, 2013 WL 2284989, at *4 (Fed. Cl. Spec. Mstr. Apr. 30, 2013); Rich v. Sec'y of Health & Human Servs., No. 12-742V, 2015 WL 1743997, at *1 (Fed. Cl. Spec. Mstr. Mar. 26, 2015). The undersigned is impressed, however, that the number of hours expended by counsel in preparing a given case has greater reference to individual complexities of the case, rather than to a type of disease or other general category of cases. The time records of counsel provide the best evidence of hours expended.

Curtis Webb billed a total of 221.10 hours on this case and Alexander Webb billed a total of 33.40 hours. Pet. Mot. at 1. As noted above, counsel must submit fee requests that include contemporaneous and *specific* billing records indicating the services performed, the number of hours expended on the service, and the name of the person performing the service. In this case, counsel represents a petitioner with a serious illness, multiple sclerosis, for which Program decisions have found both for and against the petitioners in other cases. The parties to the multiple sclerosis cases have litigated the theory, the logical cause and effect, and the timing. In this case, respondent has argued all three issues through her expert, Dr. Thomas P. Leist. Resp. Exs. A, G; Resp. Report, dated May 12, 2015. This case presents not only the issue of molecular mimicry as a theory, but also substantial debate as to the significance of the radiological evidence of the petitioner's central nervous system lesions and their timing.

Mr. Webb has undoubtedly had to do much research of past cases in the Program and of the medical literature regarding molecular mimicry, multiple sclerosis, and the radiology of that disease. His time records reflect that he has spent a significant number of hours researching and

4

reading this literature, and the proper representation of his client requires that he do so. However, it is also apparent that he lumps multiple activities together and provides rounded number estimates of his time. The great majority of his billing entries show entries rounded to the hour or hour and a half. See generally, Pet. Mot., Ex. A. As one example, on September 25, 2014, Mr. Webb billed 7.00 hours for the following tasks:

> Prepared correspondence to client; Reviewed medical records, narrative; Prepared petition for vaccine compensation; Medical research - PubMed search, read resulting articles; Prepare cause in fact case; Conferred by phone with client (msg).

Id. at 3. All of the activities billed are reasonable components of thorough case preparation and, based on my own experience, I can readily imagine a petitioner's attorney devoting a day to multiple activities on a complicated case such as this one. However, given that the Special Masters must review the time records and attempt to make some judgement about the reasonable number of hours expended, it would be helpful and reasonable to expect that petitioner's counsel break down the time spent on each activity and attempt to provide more accurate time records rather than entries rounded to the nearest hour or half hour.

Because the time records in this case were not submitted with the specificity that is regularly supplied by other counsel and because the time entries appear to be rounded, I will deduct 5% from the total number of hours spent and recommend that in the future counsel bill with greater specificity.

Finally, among the few entries that were more specifically billed, counsel billed .20 hours on October 16, 2014 to "Receiv[e] ECF designation and notice of assignment." Pet. Mot., Ex. A at 3. On October 22, 2014, he billed .10 hours to "Receiv[e] Notice of Assignment." Id. at 4. Reading these two standard notices should not reasonably take more than a combined entry of .10 hours, and I will accordingly deduct .20 hours of Mr. Webb's time billed in 2014.

### iii. Costs

Petitioner requests $11,990.56 in attorneys' costs. Pet. Mot. at 2. The requested costs consist primarily of the cost of Dr. Steinman's four expert reports, the filing fee, medical record costs, and copies of medical articles. See Pet. Mot. at 2; Pet. Mot. Ex. B. The undersigned finds the requested costs reasonable.

## III. Conclusion

Mr. Curtis Webb performed 2 hours of work in 2013, 209.90 hours of work in 2014/2015, and 9.20 hours of work in 2016, and Alexander Webb performed 33.40 hours of work. Pet. Mot. at 1. After a 5% reduction in these hours, Curtis Webb will be compensated for 1.90 hours for 2013, 199.40 hours for 2014-2015, and 8.70 hours for 2016. Alexander Webb will be compensated for 31.73 hours. Accordingly, based on the rates discussed above, Curtis Webb's fees come to $710.13 for work performed in 2013, $77,267.50 for work performed in

2014/2015, and $3,495.23 for work performed in 2016.[3]  In addition, as stated above, Curtis Webb's fees will also be reduced by $77.50, an amount that represents .20 hours of his 2014/2015 time.  Alexander Webb's fees come to $1,586.50.[4]

    Attorneys' fees and costs are awarded as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $95,204.50 |
| **Attorneys' Fees Awarded:** | **$82,981.86** |
|     Mr. Curtis Webb: $81,395.36 | |
|     Mr. Alexander Webb: $1,586.50 | |
| | |
| **Costs Awarded:** | **$11,990.56** |
| | |
| **Total Fees & Costs Awarded:** | **$94,972.42** |

**Accordingly, the court awards:**

    **(1) A lump sum of $94,972.42 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Curtis R. Webb, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[5]

    **IT IS SO ORDERED.**

                                                             s/Thomas L. Gowen
                                                             Thomas L. Gowen
                                                              Special Master

---

[3] These amounts represent, respectively: 1.90 hours at a rate of $373.75 per hour; 199.40 hours at a rate of $387.50 per hour, and; 8.70 hours at a rate of $401.75 per hour.

[4] This amount represents 31.73 hours at a rate of $50.00 per hour.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.