# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: June 18, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | |
| ERIN QUACKENBUSH-BAKER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 14-1000V |
| v. | * | |
| | * | Special Master Gowen |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Damages; Off-Table Injury; |
| | * | Significant Aggravation; |
| Respondent. | * | Influenza ("Flu") Vaccination; |
| * * * * * * * * * * * * * * * * * * | | Multiple Sclerosis. |

Curtis R. Webb, Twin Falls, ID, for petitioner.
Christine M. Becer, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON DAMAGES[1]

On October 16, 2014, Erin Quackenbush-Baker ("petitioner") filed a claim for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleges that as a result of receiving a trivalent influenza ("flu") vaccination on November 20, 2013, she experienced a significant aggravation of a pre-existing but asymptomatic multiple sclerosis ("MS"). Petition (ECF No. 1). Respondent completed an initial review and elected to litigate the case. Petitioner and respondent each submitted several expert reports. Respondent also filed a Rule 4(c) report recommending against compensation. An entitlement hearing was held on February 2, 2017. On March 14, 2018, the undersigned ruled that petitioner had established entitlement to compensation based on a theory of causation in fact. Ruling on Entitlement (ECF No. 89).

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the ruling is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the ruling. Id. **If neither party files a motion for redaction within 14 days, the ruling will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On May 31, 2018, respondent filed a Proffer on an award of compensation, which indicates petitioner's agreement to compensation on the terms set forth therein. Proffer (ECF No. 95). The Proffer is attached hereto as Exhibit A.

**Consistent with the terms of the Proffer, I hereby award the following compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):**

A. **A lump sum payment of $1,093,123.68,** representing compensation for life care expenses expected to be incurred during the first year after judgment ($49,025.00); lost earnings ($748,551.24); pain and suffering ($225,000.00); and past unreimbursable expenses ($70,547.44), **in the form of a check payable to petitioner;**

B. **A lump sum payment of $7,343.13**, representing compensation for satisfaction of the State of Arizona Medicaid Lien, payable jointly to petitioner and

> **The Rawlings Company**
> **ATTN: Helene Bertaux**
> **Reference No.: 86575544**
> **P.O. Box. 2000**
> **La Grange, KY 40031-2000**

C. **An amount sufficient to purchase an annuity contract as described in the Proffer, paid to the life insurance company from which the annuity will be purchased.**

The Clerk of the Court is directed to **ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the entry of judgment is expedited by the parties jointly or separately filing notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| ERIN QUACKENBUSH-BAKER, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 14-1000V <br> Special Master Gowen <br> ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.   Items of Compensation**

   A.   Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLP, and petitioner engaged Liz Kattman, M.S., Rehabilitation Counselor, and Helen Woodard, M.A., Rehabilitation Counselor to provide an estimation of Erin Quackenbush-Baker's future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related" is as described in the Special Master's Ruling on Entitlement, filed March 14, 2018.  All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Erin Quackenbush-Baker, attached hereto as Tab A.[1]  Respondent proffers that Erin Quackenbush-Baker should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.[2]  Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

[2] The parties have no objection to the proffered award of damages.  Assuming the Special Master issues a damages decision in conformity with this proffer, the parties intend to waive their right to seek review of such damages decision, recognizing that respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek

-1-

B.   Lost Earnings

The parties agree that based upon the evidence of record, Erin Quackenbush-Baker has suffered past loss of earnings and will suffer a loss of earnings in the future. Therefore, respondent proffers that Erin Quackenbush-Baker should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Erin Quackenbush-Baker's lost earnings is $748,551.24. Petitioner agrees.

C.   Pain and Suffering

Respondent proffers that Erin Quackenbush-Baker should be awarded $225,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D.   Past Unreimbursable Expenses

Evidence supplied by petitioner documents Erin Quackenbush-Baker's expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $70,547.44.

E.   Medicaid Lien

Respondent proffers that Erin Quackenbush-Baker should be awarded funds to satisfy a State of Arizona lien in the amount of $7,343.13, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the State of Arizona may have against any individual as a result of any Medicaid payments the State of Arizona has made to or on behalf of Erin Quackenbush-Baker from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about November 20, 2013, under Title XIX of the Social Security Act.

---

review of the Special Master's March 14, 2018, decision finding petitioner entitled to an award under the Vaccine Act. This right accrues following entry of judgment.

## II.    Form of the Award

The parties recommend that the compensation provided to Erin Quackenbush-Baker should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[3]

A.  A lump sum payment of $1,093,123.68, representing compensation for life care expenses expected to be incurred during the first year after judgment ($49,025.00), lost earnings ($748,551.24), pain and suffering ($225,000.00), and past unreimbursable expenses ($70,547.44), in the form of a check payable to petitioner, Erin Quackenbush-Baker.

B.  A lump sum payment of $7,343.13, representing compensation for satisfaction of the State of Arizona Medicaid lien, payable jointly to petitioner and

> The Rawlings Company
> Attn: Helene Bertaux
> Reference No.: 86575544
> P.O. Box 2000
> La Grange, KY 40031-2000

Petitioner agrees to endorse this payment to The Rawlings Company.

C.  An amount sufficient to purchase an annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[5] from

---

[3]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[4]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[5]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

which the annuity will be purchased.[6]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Erin Quackenbush-Baker, only so long as Erin Quackenbush-Baker is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

Respondent proffers that a three percent (3%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: three percent (3%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Erin Quackenbush-Baker, is alive at the time that a particular

---

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[6] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Erin Quackenbush-Baker's death.

 3. <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.** **<u>Summary of Recommended Payments Following Judgment</u>**

 A. Lump Sum paid to petitioner, Erin Quackenbush-Baker: **$1,093,123.68**

 B. Medicaid lien: **$7,343.13**

 C. An amount sufficient to purchase the annuity contract described above in section II.C.

  Respectfully submitted,

  CHAD A. READLER
  Acting Assistant Attorney General

  C. SALVATORE D'ALESSIO
  Acting Director
  Torts Branch, Civil Division

  CATHARINE E. REEVES
  Deputy Director
  Torts Branch, Civil Division

  HEATHER L. PEARLMAN
  Assistant Director
  Torts Branch, Civil Division

  <u>*/s/CHRISTINE M. BECER*</u>
  CHRISTINE M. BECER
  Trial Attorney
  Torts Branch, Civil Division
  U. S. Department of Justice
  P.O. Box l46, Benjamin Franklin Station
  Washington, D.C.  20044-0146
  Direct dial: (202) 616-3665

Dated: May 31, 2018

**Appendix A: Items of Compensation for Erin Quackenbush-Baker**   Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | | M | Lump Sum Compensation Year 1 | Compensation Years 2-14 | Compensation Years 15-24 | Compensation Years 25-Life |
|---|---|---|---|---|---|---|---|
| | | | | 2018 | 2019-2031 | 2032-2041 | 2042-Life |
| Insurance | 5% | | M | 13,574.00 | 13,574.00 | 13,574.00 | |
| Medicare | 5% | | M | | | | 11,510.00 |
| Opthalmologist | 5% | | | 95.00 | 95.00 | 95.00 | |
| Vit D | 3% | | | 66.00 | 66.00 | 66.00 | 66.00 |
| Neuropsych Evaluation | 0% | | | 3,938.00 | | | |
| Health Club Membership | 3% | | M | 546.00 | 504.00 | 504.00 | 504.00 |
| Assistance | 3% | | M | 29,200.00 | 29,200.00 | 43,800.00 | 73,000.00 |
| Case Management | 3% | | M | 1,356.00 | 1,356.00 | 1,356.00 | 1,356.00 |
| Equipment | 3% | | | 250.00 | 33.00 | 33.00 | 33.00 |
| Lost Earnings | | | | 748,551.24 | | | |
| Pain and Suffering | | | | 225,000.00 | | | |
| Past Unreimbursable Expenses | | | | 70,547.44 | | | |
| Medicaid Lien | | | | 7,343.13 | | | |
| Annual Totals | | | | 1,100,466.81 | 44,828.00 | 59,428.00 | 86,469.00 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($49,025.00), lost earnings ($748,551.24), pain and suffering ($225,000.00), and past unreimbursable expenses ($70,547.44): $1,093,123.68.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and The Rawlings Company, as reimbursement of the State of Arizona's Medicaid lien: $7,343.13.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.