# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 31, 2018

```
* * * * * * * * * * * * * * * * * *
ERIN QUACKENBUSH-BAKER,          *       UNPUBLISHED
                                 *
              Petitioner,        *       No. 14-1000V
        v.                       *
                                 *       Special Master Gowen
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *       Attorneys' Fees and Costs;
                                 *       Special Master's Discretion.
              Respondent.        *
* * * * * * * * * * * * * * * * * *
```

Curtis R. Webb, Twin Falls, ID, for petitioner.
Christine M. Becer, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON FINAL ATTORNEYS' FEES AND COSTS[1]

On October 16, 2014, Erin Quackenbush-Baker ("petitioner") filed a claim for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving a trivalent influenza ("flu") vaccination on November 20, 2013, she has experienced a significant aggravation of a pre-existing but asymptomatic multiple sclerosis ("MS"). Petition (ECF No. 1).

On March 14, 2018, the undersigned ruled that petitioner had established entitlement to compensation based on a theory of causation in fact. Ruling on Entitlement (ECF No. 89). Afterwards, respondent filed a Proffer on an award of compensation, which indicated petitioner's agreement on the terms set forth therein. Proffer (ECF No. 95). I issued a decision approving compensation consistent with the proffer. Decision on Damages (ECF No 98). After the parties

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the ruling is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the ruling. Id. **If neither party files a motion for redaction within 14 days, the ruling will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

filed a joint notice not to seek review (ECF No. 102), the Clerk of the Court entered judgment on the Proffer on July 6, 2018 (ECF No. 103).

I previously granted petitioner's first motion for interim attorneys' fees and costs incurred through March 9, 2016, in the total amount of $94,972.42.  Petitioner's Motion ("Pet. Mot.") for First Interim Award (ECF No. 37); Decision (ECF No. 49).

On June 21, 2018, petitioner filed a motion for a final award of attorneys' fees and costs incurred from March 9, 2016 through the present.  She has requested $215,731.04 in attorneys' fees and $53,890.06 in attorneys' costs, for a total request of $269,621.10.  Pet. Mot. for Final Award, filed June 21, 2018 (ECF No. 99).[3]  In accordance with General Order #9, petitioner has submitted her signed statement that she has incurred no costs in the prosecution of this claim and no retainer was paid to counsel.  Petitioner's Statement (ECF No. 100).

On July 5, 2018, respondent filed a response to petitioners' motion.  Respondent's ("Resp.") Response (ECF No. 101).  Respondent argued that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  Id. at 1.  Further, respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Id. at 2.  Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Id. at 3.  Petitioner did not file a reply. This matter is now ripe for adjudication.

### I.   Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  §15(e).  Based on my ruling on entitlement and the parties' proffer, petitioner has been awarded compensation.  She is therefore entitled to a final award of reasonable attorneys' fees and costs.

### A.  Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.  Special masters have "wide discretion in determining the reasonableness" of attorneys'

---

[3] As referenced herein, on January 24, 2018, petitioner filed a motion for a second interim attorneys' fees and costs award.  Pet. Mot. for Second Interim Award (ECF No. 49).  This motion details the requested fees and costs incurred between March 25, 2016 – November 28, 2017.  Respondent did not file a response to this motion.  Shortly thereafter, in March 2018, I issued my ruling on entitlement (ECF No. 89), followed by an order denying petitioner's motion for a second interim award and directing the parties to resolve damages promptly (ECF No. 90).

2

fees and costs, Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994), and may increase or reduce the initial fee award calculation based on specific findings. Avera, 515 F.3d at 1348.

In making reductions, a line-by-line evaluation of the fee application is not required. Wasson, 24 Cl. Ct. at 484, rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Id. Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

### i. Reasonable Hourly Rate

Under the lodestar approach, the first step is to determine reasonable hourly rates for the individuals at issue. In this case, all work was performed by attorney Curtis Webb and his son and paralegal, Alexander Webb. Their requested hourly rates are consistent with my reasoning in McCulloch v. Sec'y of Health & Human Servs., No. 09-239V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), the Office of Special Masters' Forum Hourly Rate Fee Schedules, and my past decisions on these individuals. See Quackenbush-Baker, No. 14-1000V, 2016 WL 7233946 (Fed. Cl. Spec. Mstr. Oct. 26, 2016) (interim award); see also Garrison v. Sec'y of Health & Human Servs., No. 14-762V, 2016 WL 3022076 (Fed. Cl. Spec. Mstr. April 29, 2016) (interim award); Garrison, No. 14-762V, 2018 WL 2772179 (Fed. Cl. Spec. Mstr. May 3, 2018) (final award). I find that they are reasonable and should also be awarded in this case.

### ii. Reasonable Hours Expended

Under the lodestar approach, the second step is to determine whether the number of hours expended on the claim was reasonable. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993); see also, e.g., Shorkey v. Sec'y of Health and Human Servs., No. 15-768V, 2017 WL 2119118 (Fed. Cl. Spec. Mstr. April 21, 2017). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008).

It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

Mr. Curtis Webb expended 161.8 hours on the claim in 2016; 305.3 hours in 2017; and 61.9 hours in 2018. His paralegal Mr. Alexander Webb expended 10.9 hours on the claim in 2016; 29.8 hours in 2017; and 16.1 hours in 2018.

This request includes 20 hours expended by counsel to prepare the first motion for interim attorneys' fees and costs, which he filed in April 2016. While this would typically appear to be an excessive amount of time, the motion involved research and briefing in support of forum rates. It was submitted close in time to counsel's similar request in Garrison, No. 14-762V. As noted above, I issued a substantive opinion approving the forum rate for Mr. Webb in Garrison, 2016 WL 3022076 (Fed. Cl. Spec. Mstr. April 29, 2016). I then adopted the same reasoning to award forum rates in the interim award in Quackenbush-Baker, No. 14-1000V, 2016 WL 7233946 (Fed. Cl. Spec. Mstr. Oct. 26, 2016). Based on these unique circumstances, the amount of time expended to prepare the motion in this case is acceptable.

Counsel also expended significant time on lengthy settlement discussions, including assessment of petitioner's future needs and her earning capacity; communication with the experts; prehearing briefing; preparation for and participation at the entitlement hearing; post-hearing briefing and follow-up; travel (appropriately billed at one-half of the individual's normal hourly rate); and reaching a consensus with respondent on damages. Based on my experience and my knowledge of this case, I find that these hours were not excessive and indeed, yielded a good result for petitioner. Thus, they are generally reasonable and will be awarded in full.

### B. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). In her final request, petitioner has requested attorneys' costs totaling $53,890.06. These costs include obtaining medical and other relevant records; copies; shipping and postage; travel; and obtaining a transcript of the entitlement hearing. Pet. Mot. for Second Interim Award, Attachments F, G, H. The listed costs are well-documented and appear reasonable for the advancement of this case. Accordingly, they will be awarded.

Petitioner has also requested $17,524.00 for her expert neurologist Lawrence Steinman's preparation of several written reports, participation in the entitlement hearing, and his associated travel expenses. Pet. Mot. for Second Interim Award, Attachment D. These are sufficiently documented. Dr. Steinman's hourly rate and hours expended are also reasonable. Thus, I find no cause to adjust these costs. They will be awarded.

Petitioner has also requested $24,325.98 for the services of her life care planner Liz Kattman. Ms. Kattman  Pet. Mot. for Second Interim Award, Attachment E. Upon review, Ms. Kattman's hourly rate appears reasonable for a life care planner with her qualifications and experience in the Vaccine Program. She has provided detailed contemporaneous entries of her work. The total cost accurately reflects that Ms. Kattman has been involved in the case for several years, first working with counsel and respondent's life care planner to pursue a settlement and then finalizing her damages after the entitlement ruling was issued. Ms. Kattman's costs are also reasonable and will be awarded.

      Finally, petitioner has requested $4,000.00 for consultation with a neuroradiologist, Dr. Robert Shuman. Petitioner and her counsel note that during the entitlement hearing, respondent's expert Dr. Leist questioned the February 12, 2014 MRI report which described an interval increase in the size and number of lesions in petitioner's brain. Petitioner cited this as evidence of a dramatic worsening of her condition after the November 20, 2013 flu vaccination. Petitioner and her counsel state that "to remove any doubt about the reliability of the report describing the February 12, 2014 MRI scan," they obtained and filed digital copies of her several brain MRI scans and then consulted with Dr. Shuman. Pet. Mot. for Second Interim Award at 18. Dr. Shuman did not submit an expert report in this case. However, he did log 10 hours for reviewing the 8 MRI studies and the radiology reports, and communicate with petitioner's counsel. Pet. Mot. for Second Interim Award, Attachment C. Afterwards, petitioner's counsel submitted his post-hearing brief, which discusses why the MRI reports and images do indeed show a dramatic worsening of petitioner's condition. Pet. Post-Hearing Brief at 27-34. In sum, this consultation with Dr. Shuman aided counsel to address an issue first raised by respondent's expert at the hearing. Dr. Shuman also expended a reasonable limited number of hours to review the findings from multiple MRIs, at a reasonable rate. Pet. Mot. for Second Interim Award, Attachment C. I will approve his costs as well.

## II. Conclusion

      In accordance with the above, I hereby **GRANT** petitioner's motion for final attorneys' fees and costs. Accordingly, I award the following:

1) **A lump sum in the amount of $269,621.10, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Curtis R. Webb.**[4]

      In the absence of a motion for reconsideration or review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[5]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] These amounts are intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties jointly or separately filing notice renouncing their right to seek review.